CHEESEMAN v HURON CLINTON METROPOLITAN AUTHORITY

Docket No. 118742. Submitted January 18, 1991, at Detroit. Decided
    May 14, 1991; approved for publication October 1, 1991, at 9:10
    A.M.  .

Edward Cheeseman and Mary A. Cheeseman, for herself and as
    next friend of Michael J. Cheeseman, a minor, brought an
    action in the Wayne Circuit Court against the Huron Clinton
    Metropolitan Authority and one of its employees, seeking dam-
    ages for injuries sustained by Michael while sledding at a park
    operated by the authority. A jury returned a verdict and
    awarded damages for Michael Cheeseman. The court, Marvin
    R. Stempien, J., subsequently denied a motion by the authority
    for judgment notwithstanding the verdict or new trial for
    failure to establish a prima facie case of wilful and wanton
    misconduct sufficient to submit the case to the jury. The
    authority appealed.  .

    The Court of Appeals *held:*

    The plaintiffs established a prima facie case of wilful and
    wanton misconduct with a showing that the authority had
    knowledge of a situation requiring the exercise of ordinary care
    and diligence to avert injury to another and the ability to avoid
    the resulting harm by ordinary care and diligence in the use of
    the means at hand, but failed to use such care and diligence to
    avert the threatened danger, when to the ordinary mind it
    would be apparent that the result would likely prove disastrous
    ·to another.

    Affirmed.

*Law Offices of Benner & Bilicki* (by *William C. Harsha*), for Mary Cheeseman.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Frank W. Brochert*), for Huron Clinton Metropolitan Authority.

Before: Mᴀʀɪʟʏɴ Kᴇʟʟʏ, P.J., and Hᴏʟʙʀᴏᴏᴋ, Jʀ., and Mɪᴄʜᴀᴇʟ J. Kᴇʟʟʏ, JJ.

PER CURIAM. Defendant Huron Clinton Metropolitan Authority appeals as of right from a judgment entered in favor of plaintiff Mary A. Cheeseman, as next friend of Michael J. Cheeseman, a minor, for $17,500. We affirm.

Nine-year-old Michael Cheeseman was injured when his sled collided with a wooden post on one side of a sledding hill at Kensington Metro Park. The only issue that went to the jury was whether defendant's conduct constituted wilful and wanton misconduct. Following a verdict for plaintiff, defendant moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The judge denied the motion.

On appeal, defendant contends that plaintiff failed to establish a prima facie case of wilful and wanton misconduct sufficient to submit the case to the jury.

In order to establish wilful and wanton misconduct, the plaintiff must prove that the defendant (1) had knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) had the ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; and (3) omitted to use such care and diligence to avert the threatened danger when, to the ordinary mind, it would be apparent that the result would likely prove disastrous to another. *Gibbard v Cursan,* 225 Mich 311, 322; 196 NW 398 (1923).

The conduct alleged must show an intent to harm or such indifference to whether harm will result as to be the equivalent. The indifference, if not intentional, is found in the notion that in a given case the injury is probable, likely, or to be expected. *Burnett v City of Adrian,* 414 Mich 448, 455-456; 326 NW2d 810 (1982).

In this case, it is undisputed that defendant

knew that when children sled, ordinary care and diligence must be used to avoid injury. It is also clear that defendant had the ability to avoid accidents by installing protective devices at minimal or no cost.

Lastly, there is evidence on the record which would indicate, to the ordinary mind, that defendant's failure to use care and diligence would result in injury. The park inserted bare posts along the edge of the sledding hill. The park ranger and winter sports supervisor, Lavern Long, stated that, although he knew of prior injuries, he was not concerned with finding out why the posts were not protected. He never considered investigating the feasibility of trying to protect sledders from going over the existing berm and colliding with the posts.

Given Long's supervisory position and his duty to protect the public from injury, the testimony establishes a prima facie case of the requisite indifference sufficient to go to the jury. *Boggerty v Wilson,* 160 Mich App 514, 522; 408 NW2d 809 (1987).

Affirmed.